**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BYRON TAU<br>1516 Pennsylvania Ave SE<br>Washington D.C. 20003<br><br>*Plaintiff,*<br><br>v.<br><br>UNITED STATES POSTAL SERVICE<br>475 L'Enfant Plaza SW<br>Washington, D.C. 20260-0004<br><br>*Defendant.* | CIVIL ACTION NO. 26-cv-01542 |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff Byron Tau hereby brings this action against Defendant the United States Postal Service ("USPS") to compel the immediate production of documents requested in 2023 under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. As grounds therefor, Plaintiff states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).
2. Venue in this action is proper in the District of Columbia pursuant to 28 U.S.C. § 1391(e) and 5 U.S.C. § 552(a)(4)(B).

## PARTIES[1]

3. Plaintiff Byron Tau is a reporter at the Associated Press. Mr. Tau is an investigative and enterprise journalist specializing in technology, law, courts, national security, and government accountability. Before the Associated Press, he worked as a reporter at the Wall Street Journal and Politico. Mr. Tau also helped launch NOTUS, a nonprofit newsroom in Washington, D.C. He is a published author with his 2024 book *Means of Control*, has been a lecturer at Georgetown University.

4. Defendant United States Postal Service ("USPS") is an independent federal agency within the executive branch of the United States government. USPS provides mail processing and delivery services to individuals and business in the United States. It is headquartered in Washington, D.C. USPS has possession, custody, and control of the records to which Plaintiff seeks access and which are the subject of this Complaint.

## FACTS

5. In 2023, Plaintiff submitted two requests (together, "the Requests") for records under the FOIA to USPS. The procedural history and status of each request is as follows.

### Privacy Impact Assessment Request (2023-FPRO-01888)

6. The E-Government Act of 2002 requires that, prior to developing or procuring certain technologies, federal agencies must "conduct a privacy impact assessment" and, where practicable, "make the privacy impact assessment publicly available through the website of the agency, publication in the Federal Register, or other means." Pub. L. No. 107–347, § 208(b)(1)(B), 116 Stat. 2899, 2921–22 (2002).

7. USPS states on its website that "[t]he U.S. Postal Service voluntarily complies with the

[1] Plaintiff brings this action in his individual capacity only, not on behalf of his affiliated institutions. Institutional affiliation is noted for identification purposes only.

E-Government Act of 2002," including by conducting Privacy Impact Assessments, which it calls Business Impact Assessments. *Privacy Impact Assessments (PIA)*, U.S. Postal Service, https://about.usps.com/who/legal/privacy-policy/privacy-impact-assessments.htm. USPS does not publish its Business Impact Assessments on its website, but does provide "a list of the current BIAs available upon request." *Id.*

8. On June 20, 2023, Plaintiff sent a FOIA request to USPS requesting "all business impact assessments/privacy impact assessments . . . promulgated by the USPS that are currently in effect" within 20 business days (the "PIA Request"). *See* Exhibit A. Plaintiff requested expedited processing of the request.

9. On June 21, 2023, USPS responded to the PIA Request via email, assigning it control number 2023-FPRO-01888. UPS asserted that the PIA Request as formulated was excessively broad, and stating its intention to take no further action to execute the request absent response from Plaintiff. The USPS also declined to expedite processing of the request.

10. On June 26, 2023, Plaintiff sent a second FOIA request, providing in his request a specific list of business impact assessments and privacy impact assessments promulgated by USPS (the "Second PIA Request").

11. Following the Second PIA request, Plaintiff contacted the Office of Government Information Services for mediation. Defendant subsequently agreed to process the original PIA Request as submitted. Plaintiff withdrew the Second PIA Request.

12. On August 24, 2023, Plaintiff received from USPS the first in a series of letters providing "timely notice" that "unusual circumstances" under 5 U.S.C. § 552(a)(6)(B) applied to the PIA Request such that USPS was extending the response period by twenty working days

from the date of the letter.

13. On September 8, 2023, Plaintiff emailed USPS to provide an updated email address due to the cessation of Plaintiff's employment with the Wall Street Journal.

14. On September 14, 2023, USPS emailed Plaintiff to request updated mailing address information. USPA also requested "additional information" about "the intended use of the records requested" for the purpose of "calculat[ing] an estimate of the costs" that might be charged to Plaintiff for processing the request.

15. On October 18, 2023, Plaintiff received a second extension letter from USPS, again extending the response period by twenty working days from the date of the letter. Plaintiff received two more substantially identical extension letters from USPS on November 17, 2023, and February 14, 2024, respectively.

16. On March 19, 2024, Plaintiff's counsel spoke with USPS FOIA Analyst Sarah Sullivan. During this call, Ms. Sullivan indicated that the PIA Request was in the process of being reviewed for redactions. She stated that she expected document production to begin in approximately one month.

17. On April 3, 2024, Plaintiff's counsel again spoke with USPS FOIA Analyst Sarah Sullivan, along with Deputy Chief FOIA Officer Nancy Chavannes. Ms. Sullivan again stated that she expected document production to begin in approximately one month.

18. On June 7, 2024, Plaintiff received a fifth extension letter from USPS, again extending the response period for the PIA Request by twenty working days from the date of the letter. Between June 7, 2024, and the filing of this lawsuit, Plaintiff received an additional eight extension letters for the PIA Request. The most recent extension letter was sent on April 28, 2026.

19. Other than the extension letters, Plaintiff has received no communications regarding the PIA Request since the April 3, 2024, discussion, which took place over two years ago.

20. As of the filing of this Complaint, it has been 1,049 days since USP acknowledged the PIA Request. As of this time, Plaintiff has received no records responsive to the PIA Request and has no estimated date of completion.

**Business Alliance Request (2024-FPRO-00354)**

21. The USPS Business Alliance Program allows high-volume mail users to obtain specialized postal services. On information and belief, members of the Business Alliance Program at times collect and share data on postal service usage with USPS.

22. On November 28, 2023, Plaintiff sent a FOIA request to USPS requesting "[a]ny policy documents, emails, memorandums, final legal opinions, or guidance documents generated by the Business Alliance Team concerning data sharing, data licensing, data sovereignty, and data collection" and "[a]ny documents related to data sharing, data licensing and data handling of data collected as part of negotiated service agreement between USPS and any party" (the "Business Alliance Request"). *See* Exhibit B.

23. On December 12, 2023, USPS acknowledged the Business Alliance Request via email, assigning it control number 2024-FPRO-00354. USPS explained that the request had been forwarded to the "agency official having jurisdiction over the subject matter of [the] request," which was the General Counsel and Executive Vice President.

24. On December 21, 2023, USPS responded to the Business Alliance Request claiming that request was overly broad and that it failed to "provide sufficient detail to allow for the ready identification and retrieval of the desired documents." The letter indicated that the request would need to be clarified within 30 days from the date of the letter for USPS to

proceed; otherwise, the request would be closed out.

25. On December 21, 2023, Plaintiff filed an administrative appeal, challenging USPS's determination that the Business Alliance Request was overly broad.

26. On January 22, 2024, the Office of the General Counsel of USPS issued an opinion finding that the Business Alliance Request was not overly broad and "remanding the request so that the Postal Service [could] complete an adequate search for responsive records." *See* Exhibit C.

27. On February 21, 2024, USPS sent Plaintiff a letter providing "timely notice" that "unusual circumstances" under 5 U.S.C. § 552(a)(6)(B) applied to the Business Alliance Request, and that consequently, USPS was extending the response period by an additional 20 working days from the date of this letter.

28. On March 19, 2024, Plaintiff's counsel spoke with USPS FOIA Analyst Sarah Sullivan. During this call, Ms. Sullivan indicated that the Business Alliance Request was being processed, but that USPS still considered the request overly broad. Plaintiff's counsel and Ms. Sullivan discussed potential options for narrowing or refining the request.

29. On April 3, 2024, Plaintiff's counsel again spoke with USPS FOIA Analyst Sarah Sullivan, along with Deputy Chief FOIA Officer Nancy Chavannes. Ms. Sullivan again stated that the Business Alliance Request was overly broad. Plaintiff's counsel clarified that Plaintiff sought records related to sharing of customer and usage data with other entities, and disclaimed an interest in employee data such as payroll or benefits. Plaintiff's counsel also proposed that USPS share the names of entities with which USPS has data sharing agreements, and the Plaintiff could identify which agreements were of interest. Ms. Sullivan did not immediately respond to either proposal.

30. On April 17, 2024, Plaintiff received a second extension letter from USPS, again extending the response period for the Business Alliance Request by twenty working days from the date of the letter. Between April 17, 2024, and the filing of this lawsuit, Plaintiff received an additional five extension letters for the Business Alliance Request. The most recent extension letter was sent on April 21, 2026.

31. Other than the extension letters, Plaintiff has received no communications regarding the Business Alliance Request since the April 3, 2024, discussion, which took place over two years ago.

32. As of the filing of this Complaint, it has been 834 days since the USPS Office of General Counsel ordered the USPS to process the Business Alliance Request. As of this time, Plaintiff has received no records responsive to the PIA Request and has no estimated date of completion.

**COUNT I: VIOLATION OF THE FREEDOM OF INFORMATION ACT**

(5 U.S.C. § 552)

33. The Plaintiff restates and incorporates by reference the allegations in paragraphs 1 through 32 above as fully set forth herein.

34. On information and belief, USPS possess records responsive to the Requests and subject to disclosure. 5 U.S.C § 552(a)(3).

35. USPS has not produced responsive records in a timely manner, has not followed the legal deadlines or the ones it has found reasonable on its own, and has not provided any basis for withholding any records. 5 U.S.C § 552(a)(6).

36. USPS's continued failure to process requests 2023-FPRO-01888 and 2024-FPRO-00354 and produce responsive records violates the statutory deadlines

imposed by the FOIA. 5 U.S.C. § 552(a)(6).

37. Plaintiff has fully exhausted its administrative avenues under 5 U.S.C. §552(a)(6)(C)(i), as USPS has failed to respond to the Requests in the time allowed by FOIA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests this Court to:

1. Declare that Defendant has failed to comply with the disclosure obligations of 5 U.S.C. § 552(a)(3) and response obligations of § 552(a)(6);
2. Order Defendant to conduct a thorough search for all records responsive to Plaintiffs' Requests and to immediately disclose, in their entirety, all responsive records that are not specifically exempt from disclosure under the FOIA;
3. Award Plaintiffs the costs of this proceeding, including reasonable attorneys' fees and costs; and
4. Grant such other and further relief as the Court deems just and proper.

Dated: May 5, 2026

Respectfully submitted,

/s/ Mason A. Kortz

Mason A. Kortz, #MA0057
Cyberlaw Clinic
Harvard Law School
1557 Massachusetts Avenue, 4th Floor
Cambridge, MA 02138
Tel: 858-922-1990
Email: mkortz@law.harvard.edu

*Counsel for the Plaintiff*